T.C. Memo. 2003-179

UNITED STATES TAX COURT

DAMON C. CICCIARI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9897-01.                    Filed June 18, 2003.

Damon C. Cicciari, pro se.

<u>Lorianne Masano</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice of deficiency dated May 11, 2001, respondent determined an $891 deficiency relating to petitioner's 1998 Federal income taxes.  The sole issue for decision is

whether petitioner is liable, pursuant to section 1401,[1] for self-employment tax.

FINDINGS OF FACT

In 1998, petitioner was a full-time police officer for the Tallahassee Police Department (TPD). During off-duty hours, petitioner provided security services to Sprint United Management Company, Moon Management, Inc., Tallahassee Mall Partners, Ltd., and Florida Institute of CPAs (off-duty employers). Each off-duty employer decided when to hire petitioner, paid him to patrol its premises to prevent disturbances and criminal activity, and set his work schedule.

TPD required petitioner to obtain its permission prior to accepting off-duty assignments. In addition, TPD determined petitioner's off-duty minimum pay rate, required him to wear his uniform when working off-duty security assignments, prohibited him from performing activities that were outside the scope of his law enforcement functions, and required him to monitor his police radio. TPD required petitioner to respond to criminal activity at his off-duty site as if he were on-duty. When responding to such incidents, petitioner was required to take direction from police supervisors. On occasion, TPD required petitioner to leave his off-duty assignment to respond to certain high priority

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

calls. If petitioner returned within a short time, the off-duty employer would pay petitioner for his entire scheduled shift. In the event that he could not return, he would immediately notify the off-duty employer. Each such employer paid petitioner directly and issued a Form 1099-MISC, Miscellaneous Income. TPD did not consider petitioner on-duty while working off-duty assignments and did not pay him overtime. On his timely filed 1998 Federal income tax return, petitioner reported $39,487 in wages (i.e., $32,089 from TPD and $7,398 from off-duty assignments). On May 11, 2001, respondent reclassified the $7,398 as self-employment income and determined an $891 deficiency.

On August 8, 2001, petitioner, while residing in Tampa, Florida, filed his petition with the Court.

                              OPINION

Petitioner's only contention is that he was an employee of TPD while working off-duty assignments. Section 1401 imposes a tax upon a taxpayer's self-employment income. Self-employment income consists of gross income derived by an individual from any trade or business carried on by such individual. Sec. 1402(a). The self-employment tax, however, does not apply to compensation paid to an employee. Sec. 1402(c)(2).

Section 3121(d)(2) defines an employee as "any individual who, under the usual common law rules applicable in determining

the employer-employee relationship, has the status of an employee". That definition is made applicable for self-employment tax purposes by section 1402(d). Whether an individual is an employee or an independent contractor is a question of fact determined by application of common law principles. Hosp. Res. Pers., Inc. v. United States, 68 F.3d 421, 424 (11th Cir. 1995) (stating that common law rules serve as the basis for classifying workers as employees or independent contractors); Weber v. Commissioner, 103 T.C. 378 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); sec. 31.3401(c)-1(b), (d), Employment Tax Regs. The Court may consider various factors in determining the relationship between the parties. See Clackamas Gastroenterology Associates, P.C. v. Wells, 536 U.S. __, 123 S. Ct. 1673 (April 22, 2003); Weber v. Commissioner, supra at 387. No one factor, however, is controlling. Weber v. Commissioner, supra. After considering these factors, we conclude that petitioner was not an employee of TPD but performed his off-duty security services as an independent contractor.

First, petitioner was not an employee of TPD while working off-duty assignments because TPD did not control petitioner's off-duty employment activities. TPD's control over petitioner's conduct relating to off-duty security services (e.g., requiring officers to obtain approval prior to accepting off-duty jobs, imposing a minimum pay rate, and requiring officers to respond to

certain high priority calls) is incidental and related only to the on-duty, rather than the off-duty, employment relationship. Milian v. Commissioner, T.C. Memo. 1999-366; Kaiser v. Commissioner, T.C. Memo. 1996-526, affd. without published opinion 132 F.3d 1457 (5th Cir. 1997); March v. Commissioner, T.C. Memo. 1981-339. Moreover, we reject petitioner's contention that the off-duty employers indirectly paid him on behalf of TPD when he responded to certain high priority calls. We recognize that petitioner was on-call during off-duty hours. There is no evidence, however, that TPD had any agreement with the off-duty employers or required them to continue paying petitioner on behalf of TPD.

Second, the off-duty employers operated separately from TPD. See March v. Commissioner, supra (stating that the source and method of payment are also factors in establishing whether an employee-employer relationship existed). Petitioner was paid directly by each off-duty employer, and his earnings were not reported to TPD. Each off-duty employer treated petitioner as an independent contractor and issued Forms 1099-MISC, Miscellaneous Income.

Third, petitioner's off-duty services were performed for, and were directly beneficial to, the off-duty employer. Milian v. Commissioner, supra (stating that performance of services by the employee for the employer is implicit in an employment

relationship); March v. Commissioner, supra.  Any benefit TPD received by an increased police presence at petitioner's off-duty assignments was incidental and similar in nature to the benefit to a police department when officers increase the police presence in a community by driving their police cruisers home.  Milian v. Commissioner, supra; March v. Commissioner, supra.

Finally, the off-duty employers had the ability to select and the power to discharge at will.  Milian v. Commissioner, supra; March v. Commissioner, supra.

Although there may be some facts that point to an employee-employer relationship (e.g., minimum pay rates and the requirement that officers respond to certain high priority calls) between petitioner and TPD, when taken as a whole the facts establish that petitioner was self-employed.  Accordingly, we hold that the earnings in dispute are earnings from self-employment, subject to the tax imposed by section 1401.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for respondent.