T.C. Summary Opinion 2011-41


UNITED STATES TAX COURT


JONATHAN C. AND SHAMANE C. LADUE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25208-09S.                    Filed April 5, 2011.


Jonathan C. and Shamane C. LaDue, pro sese.

Randall B. Childs, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $2,030. In the Amendment to Answer respondent asserted an increased deficiency of $3,037. The sole issue for decision is whether petitioners are liable for self-employment tax under section 1401 on income received by petitioner husband, a deputy sheriff, for off-duty services. We hold that petitioners are liable for self-employment tax.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Florida when the petition was filed. All references to petitioner in the singular are to Jonathan C. LaDue.

During 2007, petitioner was employed as a deputy sheriff by the Jacksonville Sheriff's Office (JSO). JSO permits deputies to provide off-duty services for entities other than JSO. JSO's General Order LIII.10 (JSO General Order) contains detailed provisions that an officer must follow to obtain and maintain off-duty work.

Entities desiring to hire JSO deputies for off-duty services must submit an application to the Secondary Employment Unit of

JSO.  A JSO job scheduler acts as a liaison between JSO and the entity by completing the jobsite schedule for JSO employees working for a particular entity, "ensuring employee attendance is adhered to, and resolving employee/employer conflict when appropriate."  Entities that hire deputies for off-duty services are required to pay an administrative fee to JSO for each hour of off-duty service provided by each officer.  Working while off duty is strictly voluntary; JSO deputies are not required to perform off-duty services.

The JSO General Order determines the off-duty minimum pay rate, limits the maximum monthly hours of off-duty work, and requires JSO deputies to wear their uniforms and monitor their police radios when providing off-duty law enforcement-related services.  Deputies providing off-duty services are also subject to recall to regular duty by JSO.  While working off duty, deputies are governed by all JSO policies, procedures, and directives, and the JSO Watch Commander may suspend a deputy's off-duty work if the work or the officer does not meet policy requirements.

In 2007 petitioner earned $23,240 from his off-duty services and included that amount on his 2007 Federal income tax return. This amount was not included on the 2007 Form W-2, Wage and Tax Statement, received from JSO.  Each of the entities that hired petitioner for off-duty service paid petitioner directly and

issued Forms 1099-MISC, Miscellaneous Income, and employment taxes were not withheld with respect to the amount earned from off-duty services.

In a notice of deficiency respondent determined that petitioners failed to correctly report the amount of nonemployee compensation received by petitioner in 2007. However, respondent later conceded that petitioners did report the correct amount of nonemployee compensation but asserted that petitioners failed to report or pay self-employment tax on the full amount.

Petitioners contend that petitioner remained an employee of JSO while working off duty and, therefore, that they are not liable for self-employment tax. In contrast, respondent argues that petitioner was not an employee of JSO while working off duty, and that petitioners are therefore liable for self-employment tax.[2]

### Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Commissioner may assert an increased deficiency under section 6214(a), which grants the

---

[2] The parties stipulated that "Mr. LaDue was not an employee of the entities which hired him to perform off-duty services, and which paid him nonemployee compensation during the 2007 tax year."

Court jurisdiction to redetermine a deficiency. <u>Garrison v. Commissioner</u>, T.C. Memo. 2010-261. However, with respect to any new matter and increases in deficiency pleaded in the answer, the Commissioner bears the burden of proof. Rule 142(a). In the instant case, we decide the issue on the evidence without regard to the burden of proof.

Section 1401 imposes a tax upon a taxpayer's self-employment income. Self-employment income consists of gross income derived by an individual from any trade or business carried on by such an individual. Sec. 1402(a). The self-employment tax, however, does not apply to compensation paid to an employee. Sec. 1402(c)(2).

Section 3121(d)(2) defines an employee as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee". That definition is made applicable for self-employment tax purposes by section 1402(d). Whether an individual is an employee or an independent contractor is a question of fact determined by application of common law principles. <u>Hosp. Res. Pers., Inc. v. United States</u>, 68 F.3d 421, 424 (11th Cir. 1995); <u>Weber v. Commissioner</u>, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); sec. 31.3401(c)-1(b), (d), Employment Tax Regs. The Court may consider various factors in determining the relationship between the parties.

Milian v. Commissioner, T.C. Memo. 1999-366.  No one factor, however, is controlling.  Weber v. Commissioner, supra at 387. After considering these factors, as discussed below, we conclude that petitioner was not an employee of JSO but performed his off-duty services as an independent contractor.

First, petitioner's off-duty services were performed for, and were directly beneficial to, the third-party entity.  See Milian v. Commissioner, supra (stating that performance of services by the employee for the employer is implicit in an employee relationship); March v. Commissioner, T.C. Memo. 1981-339.  "Any benefit * * * [the department] received by an increased police presence at petitioner's off-duty assignments was incidental and similar in nature to the benefit to a police department when officers increase the police presence in a community by driving their police cruisers home."  Cicciari v. Commissioner, T.C. Memo. 2003-179 (citing Milian v. Commissioner, supra and March v. Commissioner, supra).

A second factor of an employer-employee relationship is the ability to select and discharge at will.  March v. Commissioner, supra.  The mere approval from JSO to work off-duty jobs and the ability to suspend if department policies were not adhered to do not amount to the ability to hire and fire with regard to the off-duty positions.  See Kaiser v. Commissioner, T.C. Memo. 1996-

526, affd. without published opinion 132 F.3d 1457 (5th Cir. 1997).

Third, the source and method of payment may also help establish whether an employer-employee relationship exists. March v. Commissioner, supra. All of the third-party entities for which petitioner provided off-duty services operated separately from the city of Jacksonville and JSO; the third-party entities paid petitioner directly and treated him as an independent contractor, issuing him Forms 1099. The city of Jacksonville did not include off-duty pay in petitioner's Form W-2.

As did the departments in the March, Kaiser, and Milian cases, JSO in this case exercises control over off-duty work in that it has a detailed approval process and the officer is always to abide by the policies, procedures, and directives of JSO. However, the Court found in those cases, and we so find again in the instant case, that the incidental control held by the department relates solely to the on-duty employment relationship, rather than to the details of the off-duty relationship. Milian v. Commissioner, supra; Kaiser v. Commissioner, supra; March v. Commissioner, supra. We find that JSO is looking after its own interests in making sure that off-duty work does not interfere with on-duty employment, that the JSO image is not tarnished, and

that JSO knows where its officers are located in case of an emergency.

Although there may be some factors that may point to an employer-employee relationship between petitioner and JSO with respect to petitioner's off-duty work (i.e., establishing minimum pay rates and requiring petitioner to wear his uniform), when taken as a whole the facts establish that petitioner was self-employed with respect to the off-duty services that he provided to third-party entities. Accordingly, we hold that the earnings in dispute are earnings from self-employment, subject to the tax imposed by section 1401.

### Conclusion

We have considered all of the arguments made by petitioners and, to the extent that we have not specifically addressed those arguments, we conclude that they do not support a conclusion contrary to that reached herein.

To reflect our disposition of the disputed issue,

<u>Decision will be entered for respondent in the amount of the increased deficiency of $3,037</u>.